FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

CLEO MANUEL CABAN,
Plaintiff,

v.

JOSHUA R. LAPRISE, et al.,
Defendants.

**Civil Action No.** 1:26-CV-2810

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Cleo Manuel Caban, appearing *pro se*, respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent him in this action. Plaintiff understands that there is no constitutional right to appointed counsel in a civil case and that this request is addressed to the Court's discretion. He submits that the two considerations the Fourth Circuit directs district courts to weigh — the characteristics of the claim and the characteristics of the litigant — are both unusually present here.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The Fourth Circuit permits appointment where an indigent claimant presents *exceptional circumstances*, a question that "hinges on the characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

## II. PLAINTIFF IS INDIGENT

Plaintiff has filed a contemporaneous application to proceed *in forma pauperis*, supported by the financial affidavit required by 28 U.S.C. § 1915(a)(1). His sole income is a Department of Veterans Affairs disability award of $4,646.32 per month, which supports a household of six. He receives Medicaid and SNAP benefits. He cannot retain counsel on an hourly basis, and the

contingency market for civil-rights claims against municipal defendants has not produced counsel willing to accept this matter.

## III. THE CHARACTERISTICS OF THE CLAIM

This is not a single-incident excessive-force case. The Complaint pleads thirteen counts against individual officers, medical providers, a municipality, and a constitutional officer, and it requires the Court to resolve, among other things:

- **Municipal liability under Monell** — requiring proof of a custom, a failure to train, or ratification — a theory that ordinarily demands statistical and comparative evidence, expert testimony on police practices, and discovery into records the County has already withheld in their entirety.
- **A forced-medication claim under Sell v. United States** — 539 U.S. 166 (2003), which turns on whether specified judicial findings were made before an antipsychotic was administered to a defendant undergoing competency restoration, and which will likely require expert psychiatric testimony regarding dosing, indication, and monitoring.
- **A proportionality claim under Jackson v. Indiana** — 406 U.S. 715 (1972), concerning the relationship between the duration of confinement and its stated purpose.
- **Overlapping immunity doctrines** — absolute judicial immunity, quasi-judicial immunity, qualified immunity, Virginia sovereign immunity, and an Eleventh Amendment question concerning whether a Virginia sheriff functions as an arm of the Commonwealth — each of which must be briefed defendant by defendant.
- **Claims under Title II of the ADA and Section 504** — requiring proof of disability, of a request for accommodation, and of deliberate indifference by a public entity.

Several defendants are represented by the Office of the County Attorney, which has successfully defended materially similar claims in this jurisdiction. The disparity in litigation capacity is substantial and will be most acute at summary judgment and at trial.

## IV. THE CHARACTERISTICS OF THE LITIGANT

Plaintiff submits that this factor is presented here in an unusual form, and asks the Court to consider it carefully.

Plaintiff is rated by the Department of Veterans Affairs at a combined 100 percent for service-connected disability and is determined to be "totally and permanently disabled due solely to [his] service-connected disabilities," effective October 9, 2025, with service-connected post-traumatic stress disorder as a substantial contributing condition. He is an honorably discharged combat veteran of the United States Army.

More directly: **the subject matter of Counts IX and X is Plaintiff's own mental capacity.** Those counts concern a courtroom declaration of incompetency, a resulting thirty-seven-day psychiatric commitment, and the administration of an antipsychotic medication he had never previously been prescribed. Litigating those counts requires Plaintiff to marshal expert evidence about his own psychiatric condition, to take and defend depositions concerning his own mental state, and to confront clinical records that characterize his statements as delusional. Whatever the merits, a litigant cannot be an effective advocate on the question whether he was competent, while relying on the same faculties that are themselves the disputed issue. Plaintiff further alleges, at Count VII, that a public entity failed to accommodate his disability — the same disability that bears on his capacity to conduct this litigation.

Plaintiff also notes, candidly, that he has prepared this Complaint and its supporting materials himself and does not suggest he is incapable of filing documents. The difficulty is not drafting. It is expert retention, deposition practice, and the cross-examination of treating clinicians on a psychiatric record about himself — tasks for which self-representation is structurally ill-suited.

## V. CONCLUSION

Plaintiff respectfully requests that the Court request counsel to represent him under 28 U.S.C. § 1915(e)(1). Should the Court decline, Plaintiff will continue to prosecute this action *pro se* and asks only that the Court afford his filings the liberal construction to which self-represented pleadings are entitled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Respectfully submitted,

**Cleo Manuel Caban**
Plaintiff, pro se
1770 Rockledge Terrace, Woodbridge, Virginia 22192-2508
(202) 330-2466 · cleocaban@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria **DIVISION**

Cleo M. Caban
**Plaintiff(s),**

v.

**Civil Action Number:** 1:26-cv-2810

Joshua R. Laprise et al.
**Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Caban v. Laprise et al. (42 U.S.C. § 1983);
**(Title of Document)**
Civil Cover Sheet (JS 44);
IFP Motion;
*Motion for Leave to Take Expedited Discovery*
Motion for Appointment of Counsel
Certification of A.I. Usage
Six completed summonses (AO 440)

Cleo M. Caban
Name of *Pro Se* Party (Print or Type)

Cleo M. Caban
Signature of *Pro Se* Party

Executed on: 26 August 2026 (Date)

M: 202.330.2466
E: CleoCaban@gmail.com

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ____________________.
**(Title of Document)**

______________________
(Name of Attorney)

______________________
(Address of Attorney)

______________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

______________________
(Name of *Pro Se* Party (Print or Type)

______________________
Signature of *Pro Se* Party

Executed on: ______________________(Date)