FILED

2026 AUG 27 P 4: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

CLEO MANUEL CABAN,
Plaintiff,

v.

JOSHUA R. LAPRISE, et al.,
Defendants.

Civil Action No. 1:26-CV-2810

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY FOR THE LIMITED PURPOSE OF IDENTIFYING DOE DEFENDANTS**

Plaintiff Cleo Manuel Caban, appearing *pro se*, respectfully moves this Court under Federal Rule of Civil Procedure 26(d)(1) for leave to serve narrowly limited discovery before the conference required by Rule 26(f), for the sole purpose of identifying the Doe defendants named in the Complaint. In support, Plaintiff states as follows.

## I. RELIEF REQUESTED

Plaintiff seeks leave to serve three narrow document requests and, if necessary, one Rule 45 subpoena on Arlington County, the Arlington County Police Department, and the Arlington County Sheriff's Office, limited to the following:

1. **The December 23, 2024 responding-unit records** — the computer-aided dispatch (CAD) log, the responding-unit assignment record, and the incident report for the call resulting in Plaintiff's arrest at approximately 1:00 a.m. on December 23, 2024, sufficient to identify every sworn officer who responded to or was present at that scene.

2. **The January 16, 2025 Courtroom 3B security assignment** — the duty roster, post assignment, or equivalent record identifying, by name and badge number, each deputy or officer assigned to or present in Courtroom 3B of the Arlington County General District Court on January 16, 2025.

3. **The identity of "Bailiff McCue"** — the full and correctly spelled name, badge number, and employing agency of the courtroom security officer identified on the contemporaneous record as "Bailiff McCue."

Plaintiff does not seek merits discovery, deposition testimony, or any material beyond what is necessary to place names on the parties he has already described by conduct.

## II. GOOD CAUSE

Courts in this Circuit permit expedited discovery on a showing of good cause, assessed by the reasonableness of the request in light of the circumstances. Identifying unnamed defendants is among the most commonly recognized grounds. Four circumstances supply good cause here.

**A. The information is exclusively in Defendants' possession.** Plaintiff cannot learn who responded to the December 23, 2024 call, or who stood between him and the courtroom door on January 16, 2025, from any public source. Dispatch logs, unit assignments, body-worn camera footage, and courtroom duty rosters are held by the very parties whose personnel are at issue.

**B. Plaintiff has already exhausted the non-litigation route, and it failed.** Plaintiff submitted a request under the Virginia Freedom of Information Act (Request No. P003262-051825). Arlington County withheld **all 409 responsive records** on a blanket basis. A second request (Reference No. C008645-081226) remains outstanding. Expedited discovery is not an end-run around an available alternative; it is the remaining avenue.

**C. No charging document names the second officer.** Officer Laprise is the sole complainant listed on both Arlington County General District Court Case No. GC24007185-00 and Case No. GC24007186-00, each arising from the December 23, 2024 arrest. The identity of the additional officer present is therefore recorded nowhere Plaintiff can reach.

**D. Virginia law places the courtroom-security identities in a single custodian's hands.** Va. Code § 53.1-120(A) assigns courthouse and courtroom security exclusively to the sheriff, and subsection (C) gives the sheriff *sole responsibility for the identity of the deputies designated for courtroom security*. The identities sought are, by statute, maintained by a known

custodian. This is not a fishing expedition; it is a request that a specific officeholder produce a record the law requires him to keep.

## III. THE LIMITATIONS PERIOD MAKES THE TIMING MATERIAL

The events of December 23, 2024 are governed by Virginia's two-year personal-injury limitations period, Va. Code § 8.01-243(A), borrowed for claims under 42 U.S.C. § 1983. That period expires **December 23, 2026**.

If the Doe defendants are identified and substituted before that date, no question of relation back arises at all. If identification is delayed past it, Plaintiff would be forced to litigate whether an amendment relates back under Rule 15(c)(1)(C) — an inquiry this Circuit resolves by asking whether the newly named party received notice and would suffer prejudice, *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) (en banc), and one that is avoided entirely by prompt identification. Granting this motion now conserves the resources of the Court and the parties by removing a foreseeable and wholly unnecessary dispute.

## IV. THE REQUEST IS PROPORTIONATE AND IMPOSES MINIMAL BURDEN

Each item sought is a discrete, already-existing record retrievable by date. Plaintiff seeks no narrative response, no interrogatory answer requiring investigation, and no material bearing on the merits. Plaintiff consents to any protective order the Court deems appropriate, including production of badge numbers under seal or attorneys'-eyes-only designation, and will accept production in any reasonable electronic format.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve the limited discovery described in Part I, and direct that responses be served within thirty days.

Respectfully submitted,

Cleo M. Caban — Date: 26 Aug 2026

/S/ Cleo Manuel Caban
Plaintiff, pro se
1770 Rockledge Terrace,
Woodbridge, Virginia 22192-2508
(202) 330-2466 · cleocaban@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria **DIVISION**

Cleo M. Caban
**Plaintiff(s),**

**v.**

**Civil Action Number:** ______________________

Joshua R. Laprise et al.
**Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Caban v. Laprise et al. (42 U.S.C. § 1983);
**(Title of Document)**
Civil Cover Sheet (JS 44);
IFP Motion;
*Motion for Leave to Take Expedited Discovery*
Motion for Appointment of Counsel
Certification of A.I. Usage
Six completed summonses (AO 440)

Cleo M. Caban
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 26 August 2026 (Date)
M: 202.330.2466
E: CleoCaban@gmail.com

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ______________________.
**(Title of Document)**

______________________
(Name of Attorney)

______________________
(Address of Attorney)

______________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

______________________
(Name of *Pro Se* Party (Print or Type)

______________________
Signature of *Pro Se* Party

Executed on: ______________________(Date)