THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CLEO M. CABAN,
*Plaintiff*,

v.

JOSHUA R. LAPRISE, *et al.*,
*Defendants*.

No. 1:26-cv-02810-MSN-LRV

**ORDER**

This matter comes before the Court on *pro se* Plaintiff Cleo M. Caban's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF 2) and Plaintiff's Motion for Appointment of Counsel ("Motion") (ECF 3).

First, the Court addresses Plaintiff's IFP Application. Based on the financial information contained in Plaintiffs IFP Application, the Court will grant the IFP Application.

The Court now turns to Plaintiff's motion for the Court to appoint him counsel. ECF 3. "District courts have discretion to appoint counsel in civil cases and abuse that discretion by declining to do so 'where the case of an indigent person presents exceptional circumstances.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). "[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel." *Id.* "That inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether

the plaintiff 'lacks the capacity to present it.'" *Id.* (quoting *Whisenant*, 739 F.2d at 163). "If both questions are answered affirmatively, the case presents exceptional circumstances." *Id.*

Plaintiff is not entitled to the appointment of counsel in this action because he does not appear to lack the capacity to present his claim, at least at this stage of the proceedings. Plaintiff presents his claims in an organized Complaint containing legal argument and citations to relevant caselaw. ECF 1. For these reasons, Plaintiff's requests for appointment of counsel (ECF 3) will be denied without prejudice to later renew, if appropriate.

Accordingly, it is hereby **ORDERED** that Plaintiffs IFP Motion (ECF 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF 3) is **DENIED**;

To appeal this decision, Plaintiff must file a written Notice of Appeal with the Clerk of Court within thirty (30) days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and noting the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to file a timely Notice of Appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Order to Plaintiff Cleo M. Caban, *pro se.*

/s/
Michael S. Nachmanoff
United States District Judge

September 18, 2026

Alexandria, Virginia